# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| HOWARD MACK HARRIS, SR. | CIVIL ACTION NO. 10-477 |
| | SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| SCOTTY NUGENT, ET AL. | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Howard Harris (federal prisoner #07837-033), proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. At the time of filing, he was incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana, and complains of events that occurred at that facility. Petitioner has not notified the court of a change of address; however, the Federal Bureau of Prisons' website shows that he is currently confined at the United States Penitentiary in Pollock, Louisiana (USP-Pollock). He filed suit against approximately twenty-five defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

Petitioner filed this petition [Doc. 1] on March 15, 2010. Petitioner contends he has been subjected to cruel and unusual punishment due to various conditions of confinement at CCC. (Doc. 1). More specifically, he complains that he is not allowed to use the mail system correctly and that his legal mail is not going out. *Id.* He states that the telephone system will not let him

call out of Louisiana, including calls to his attorney. *Id.* He also contends that: the prison's water is polluted, that the cells are over-crowded, that the air vents do not provide enough oxygen, that he was accused of leaving feces on a food tray and that he was forced to eat off of a food tray which was not kosher, that he cannot get to his property and cosmetics, that he is receiving threats about filing suits, and finally that he was tased and has gotten threats of being tased or pepper-sprayed. *Id.*

As relief, petitioner seeks transfer to USP-Pollock[1] as well as an award of $4,778,578.00 for "compensative damages, emotional distress damages, collateral damages, and monetary damages." *Id.*

### *Law and Analysis*

A prisoner cannot use a civil rights action to challenge the fact or duration of his confinement, he must seek federal habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). On the other hand, a civil rights action is the appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir.1981).

To determine whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action, the court must determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Here, petitioner's claims implicate the conditions of his confinement rather than the fact or duration of his confinement. Petitioner is not challenging his conviction or asserting he should not be in custody. Accordingly, petitioner

must pursue his claims by filing a civil rights suit [2] and paying the filing fee or seeking leave to proceed in *forma pauperis*.

Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE. IT IS ALSO RECOMMENDED** that petitioner's request for transfer be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] As petitioner has been transferred to USP-Pollock, his request for transfer is moot.
[2] It should be noted that petitioner has filed at least one civil rights suit dealing with the same or similar issues. *See Harris v. Calcasieu Parish Det. Ctr., et al.,* 2:10-cv-328.

3